Follett, Ch. J.
The appellants insist that the court erred in permitting the plaintiffs to recover for the diminished rental value ■of the premises occasioned by the maintenance and operation of the defendants’ road, instead of the diminished value of the premises for the purposes for which they had been used since the road was constructed. The evidence shows that the building, No. 26 Front street, has been used ever since the elevated road was opened as a' warehouse for storage and packing of flour by the plaintiff personally; it never having been rented or offered for rent. The plaintiff was permitted on the trial to give evidence of the rental value with and without the road, to which evidence the defendants objected on the ground that it was incompetent, irrelevant, immaterial and not the proper measure of damages^ but the defendants did not suggest that the proper rule of damages was how much the premises were injured for the particular purposes for which they had been used. The defendants called three witnesses who gave evidence of how the rental value was affected by the road, but they offered no evidence as to the amount of damages occasioned to the premises for the particular purpose for which they had been used. The case was evidently tried by both sides upon the theory that the diminished rental value was the measure of past damages. The question now sought to be argued was not raised at the trial, but the appellants insist that it was raised, by the seventeenth request which the court refused to find, which was in fact supported by the uncontradicted evidence of the plaintiffs. The following is the request: -
“ Seventeenth. That since the time the said elevated railroad was constructed, and for many years prior thereto, the said building had béen occupied by the plaintiff Theodorus B. "Woolsey for the purpose of his business as a dealer in flour and for the storage and manipulation of flour.”
We do not think that this request, or any of the other requests, *476 called the attention oí the court to the rule of damages which the defendants now assert should have been applied to the case, and the question which they seek to argue is not before the court.
•It is also urged that the court erred in refusing to direct that an injunction should only become effective in case the defendants, failed to acquire the easements by condemnation. The road was built through Front street in June, 1878. The plaintiff testified, and in this he was uncontradieted, that before this action was begun he requested the defendants to condemn the easements. May 13, 1887, this action was begun, and May 15, 1888, a notice of motion for the appointment of commissioners in proceedings to condemn the easements was served, and October 25, 1888, the next day after the trial of this action was begun, the commissioners were appointed. After this action was tried the parties by stipulation asked the court to find the value of the property taken, so that an injunction could be avoided by payment of the amount so found. Under this state of facts the court, did not err in awarding an injunction.
On the 16th of July, 1885, the plaintiff, Theodoras B. Woolsey, gave a mortgage on the property to James Renwick, executor, etc., to secure the payment of $10,000, which was duly recorded, and at the time of the trial was unpaid. The judgment does not-provide for the release of this mortgage from the rights to be conveyed by the plaintiffs to the defendants upon the payment of the-fee damages, which was asked by the defendants, but not granted. This was error.
The judgment should be modified by requiring the plaintiffs to-tender, with their deed of release of the rights and easements, a discharge of this mortgage from the rights and easements so to be-conveyed by the plaintiffs to defendants, and as so modified the judgment-should be affirmed, without costs to either party.
All concur.